# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY R. WILSON, | ) | |
| | ) | **Case No. 3:16-cv-34** |
| Plaintiff, | ) | |
| | ) | **JUDGE KIM R. GIBSON** |
| v. | ) | |
| | ) | |
| ROBERT E. SMITH and SCHNEIDER | ) | |
| NATIONAL CARRIERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages Pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 5.) For the reasons that follow, Defendants' Motion is **DENIED**.

## I. Background

This personal-injury action arises from a traffic accident which occurred on Interstate 80 in February 2014 and involved an eighteen-wheel tractor-trailer. Plaintiff Mary Wilson asserts the following facts in her Complaint, which the Court accepts as true for the sole purpose of deciding the pending Motion.

On February 6, 2014, Plaintiff Mary Wilson was driving east along Interstate 80 in Scott Township, Columbia County, Pennsylvania. (ECF No. 1 ¶¶ 2-3.) Wilson was in the right-hand lane, traveling approximately 25 miles per hour, driving behind an oversized-load crane truck as a "flagging car." (*Id.* ¶¶ 3-4.) Defendant Robert Smith, in the course of his employment for

---

[1] On September 6, 2016, this Court ordered Plaintiff to amend her Complaint to include the basis for this Court's subject-matter jurisdiction. (ECF No. 22.) Plaintiff filed an Amended Complaint on September 8, (ECF No. 23), and the parties thereafter stipulated that Defendants' original Motion to Dismiss applies to Plaintiff's Amended Complaint, (ECF No. 24).

Defendant Schneider National Carriers, was driving an eighteen-wheel tractor-trailer and was also heading east in the right-hand lane of Interstate 80. (*See id.* ¶ 5.) Defendant Smith was operating his vehicle at such a high rate of speed that he placed Wilson in imminent fear of being rear-ended. (*Id.* ¶ 6.) Right before impact would have occurred, Wilson attempted evasive action by accelerating in order to "increase the gap" between her vehicle and Defendant Smith's tractor-trailer. (*Id.* ¶ 7.) Next, Wilson sought to avoid collision by steering her vehicle out of the right-hand lane and onto the right shoulder. (*Id.* ¶ 8.) At the same time, however, Defendant Smith also drove his tractor-trailer onto the right shoulder. (*Id.* ¶ 9.) Defendant Smith failed to bring his vehicle to a full stop and collided with Wilson's vehicle. (*Id.* ¶ 9.) The collision propelled Wilson forward and backward in her vehicle and totaled her car. (*Id.* ¶ 10.) Wilson suffered personal injuries as a result of the collision, including a closed-head injury, neurological damage, and pain and suffering. (*Id.* ¶ 12-13.) Wilson filed this case against Defendants Smith and Schneider National Carriers on February 2, 2016, alleging negligence on their part. She seeks both compensatory and punitive damages.

**II.     Standard of Review**

Defendants have moved to dismiss Wilson's claim for punitive damages under Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted.

The standard of review for a Rule 12(b)(6) challenge is well established. In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court

must separate the factual matters alleged from the legal conclusions asserted. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must determine whether the factual matters alleged are sufficient to establish that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint, however, need not include "detailed factual allegations." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court must also accept as true all factual allegations in the complaint and construe all inferences gleaned therefrom in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). But "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir .2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has stated a "plausible claim for relief" is a context-specific inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The record to consider in making this determination includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis omitted) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment regardless of whether a plaintiff seeks leave to amend, unless amendment

would be inequitable or futile. *Phillips*, 515 F.3d at 236 (citation omitted); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### III.  Jurisdiction & Venue

Before addressing the merits of the Motion to Dismiss, a discussion regarding jurisdiction and venue is in order.

While reviewing the record in this case, the Court noticed that Wilson's original Complaint was devoid of any discussion of the basis for this Court's subject-matter jurisdiction. Thus, on September 6, 2016, this Court ordered Wilson to amend her Complaint to include the basis for this Court's subject-matter jurisdiction. (ECF No. 22.) The Court's Order explained that Wilson "must establish that (1) complete diversity exists between herself and Defendant Smith and Defendant Schneider, and (2) the matter in controversy exceeds $75,000." (*Id.*) Instead of filing an amended complaint that included this information, Wilson filed a three-page Amended Complaint which incorporated the original Complaint by reference. (ECF No. 23.) The Amended Complaint states that Wilson resides in Pennsylvania, that Defendant Smith resides in Illinois, and that Defendant Schneider is a Nevada corporation which maintains a headquarter in Wisconsin. (*Id.*) Further, the Amended Complaint states that "[t]he Plaintiff is claiming damages in excess of the jurisdictional limits of this Court." (*Id.*)

A court has a responsibility to ensure that it has subject-matter jurisdiction over a pending case prior to reaching the merits of any motions, regardless of whether the jurisdictional issue has been raised by the parties. *See, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (raising subject-matter jurisdiction *sua sponte*).  Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil actions between "citizens

of different States" in which the matter in controversy exceeds $75,000. Based on Wilson's Amended Complaint, this first prong is clearly satisfied; she is a citizen of a different state than both Defendant Smith and Defendant Schneider. But the second prong—damages in excess of $75,000—is more problematic given Wilson's somewhat-ambiguous statement as to the damages sought.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court explained that the amount in controversy alleged by the plaintiff is determined from the face of the complaint, and that this amount controls so long as the claim is made in good faith. 303 U.S. at 288-90. That is, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289 (citing cases). But "legal certainty" does not require absolute certainty. *Nelson v. Keefer*, 451 F.2d 289, 293 n.6 (3d Cir. 1971). And "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (citing cases).

Here, although Wilson does not state a monetary amount, a reasonable reading of the Complaint and the alleged injuries indicates that the damages Wilson seeks likely exceed $75,000. The Court bases this conclusion on Wilson's allegations that she suffered a closed-head injury, that the accident impaired her ability to concentrate, caused short- and long-term memory loss, as well as a diminution of the ability to process information, post-traumatic stress syndrome together with related symptoms, damage to her brain and neurological system, and cervical and spinal damage. (ECF No. 1 ¶ 12.) Wilson further alleges that she has been unable to attend to her daily activities or work during her recovery, has suffered a loss of earnings and

an impairment of her earning capacity, and that she has incurred and will continue to incur expenses for medical treatment. (*Id.* ¶¶ 14-18.) In aggregate, this Court cannot conclude to a legal certainty that these injuries amount to or are less than $75,000. Thus, the Court holds that subject-matter jurisdiction exists under 28 U.S.C. § 1332.

This leaves the matter of venue. Wilson's Amended Complaint states that "[v]enue is appropriate pursuant to 28 U.S.C. § 1391, as the Plaintiff's claims arise within this judicial district." (ECF No. 23.) This Court might indeed be the appropriate venue if Wilson's claims arose within its judicial district. But Wilson's allegations do not support this contention; she alleges that the accident occurred in Columbia County, Pennsylvania, (ECF No. 1 ¶ 2)—which would make the Middle District of Pennsylvania the proper venue, *see* 28 U.S.C. § 1391(b)(2); 31 Stat. 880 (1901). Wilson has not established that any other subsection of § 1391 makes venue proper in the Western District, and this Court does not see how any other subsection would apply here. Defendants, however, did not move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Therefore, under Rule 12(h)—which states that the defense of improper venue is waived if it is neither made by motion under Rule 12 nor included in a responsive pleading—Defendants have waived their defense of improper venue. *See* Fed. R. Civ. P. 12(h)(1). The Court therefore turns to the pending Motion to Dismiss.

### IV. Discussion

Defendants seek dismissal of Wilson's claim for punitive damages. In support, they assert that punitive damages are an extreme remedy available only in exceptional cases and that Wilson has failed to allege sufficient facts to support punitive damages in this case.

In Pennsylvania, "[p]unitive damages cannot be based upon ordinary negligence." *Hutchinson ex rel. Hutchinson v. Luddy*, 946 A.2d 744, 747 (Pa. Super. Ct. 2008). But punitive damages may be awarded if a plaintiff establishes that the defendant acted in a fashion "so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 771 (Pa. 2005) (citation omitted). A showing of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed. *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991). Rather, to support a claim for punitive damages, a plaintiff must establish that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson*, 870 A.2d at 772 (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097-98 (Pa. 1985)).

Here, accepting all of Wilson's factual allegations as true and drawing all inferences from the Complaint in her favor, she has stated a claim for punitive damages. Wilson alleges that Defendant Smith was operating the tractor-trailer (1) without adequate and proper training; (2) at an excessively high rate of speed; (3) while fatigued after having driven the vehicle for an excessive number of hours without rest; (4) when he knew or should have known that the brakes and braking system were inadequate to bring the vehicle to a complete stop. (ECF No. 1 ¶ 6, 11.) Wilson further alleges that Defendant Smith failed to keep the tractor-trailer under proper control and did not inspect or otherwise ensure the vehicle was in safe and proper working condition. (*Id.*) As to Defendant Schneider National Carriers, Wilson alleges that Defendant Schneider failed to establish or enforce sufficient policies to ensure (1) that its drivers complied with federal regulations limiting the hours a commercial driver may drive

consecutively; (2) that its drivers adequately maintained the tractor-trailers they operated; (3) that its tractor-trailers were operated only with safe and adequate breaking systems and tire tread; (4) that its drivers were properly and sufficiently trained.  (*Id.* ¶ 22.)

"Under Pennsylvania law, the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award."  *Anderson v. Nationwide Ins. Enter.*, 187 F. Supp. 2d 447, 460 (W.D. Pa. 2002) (citations omitted).  Wilson has alleged that Defendants were aware of the risks posed by their conduct and acted in conscious disregard of those risks.  If her allegations are proven, a finder of fact could conclude that punitive damages are appropriate.  *See, e.g.*, *Courtney v. Ivanov*, 41 F. Supp. 3d 453, 461 (W.D. Pa. 2014); *Darden-Munsell v. Dutch Maid Logistics*, No. 10-cv-103, 2011 WL 3325863, at *3 (W.D. Pa. July 13, 2011); *Tomassoni v. Farr*, No. 3:11-cv-105, 2011 WL 846637, at *2 (M.D. Pa. Mar. 8, 2011).

## V.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Wilson's claim for punitive damages is **DENIED**.  This denial, however, is without prejudice to Defendants raising this issue again at a later stage of this litigation.

A corresponding Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARY R. WILSON, | ) | |
|---|---|---|
| | ) | Case No. 3:16-cv-34 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| ROBERT E. SMITH and SCHNEIDER NATIONAL CARRIERS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 13th day of September 2016, upon consideration of Defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages, (ECF No. 5), and for the reasons set forth in the Memorandum Opinion accompanying this Order, **IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED** without prejudice to Defendants raising this issue again at a later stage of this litigation.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE